UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTOMOTIVE SERVICE CONSULTANTS, ) <br> INC. AND AUTOMATIC DATA <br> PROCESSING, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EDWARDS & ASSOCIATES ) <br> CONSULTING, INC., LARRY C. <br> EDWARDS, WILLIAM S. RAY, ) <br> JOHN W. THOMAS, WILLIAM R. <br> FLOYD, AND SOUTHEASTERN ) <br> COMPUTER SYSTEMS, INC., <br> ) <br> Defendants. | CV96-S-286-S |

| | |
|---|---|
| SOUTHERN MICROGRAPHIX, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AUTOMOTIVE SERVICE CONSULTANTS, ) <br> INC., AND AUTOMATIC DATA <br> PROCESSING, INC., ) <br> ) <br> Defendants. ) | CV96-S-907-S |

**ENTERED**
**JUN 1 9 1997**

### MEMORANDUM OPINION

This action is before the court on: the motion to quash a civil subpoena duces tecum filed by the law firm of Bradley Arant Rose & White, LLP, ("Bradley"); a motion to compel production filed by Southern Micrographix, Inc. ("Southern"); and Southern's motion to reconsider this court's June 3, 1997 order.

### I. DISCUSSION

**A. Motions to Quash and to Compel Production**

Bradley moves to quash a subpoena issued by Southern in connection with Notice of a 30(b)(6) deposition with attendant

document requests. Bradley asserts the information sought is protected from discovery by the attorney-client privilege and requests the subpoena be quashed pursuant to Rule 45(c)(3)(A)(iii), Fed.R.Civ.P.[1] In response, Southern filed its motion to compel production.

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice...." *In re Grand Jury Subpoena of Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982). In *United States v. Jones*, 517 F.2d 666, 670 (5th Cir. 1975),[2] the former Fifth Circuit held that a claim of attorney-client privilege requires proof of the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Jones*, 517 F.2d at 670 (citations omitted).

Southern seeks to "ascertain matters relating to the following":

---

[1] Rule 45(c)(3)(A)(iii) provides, in pertinent part, that "(o)n a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ... requires disclosure of privileged or other protected matter and no exception or waiver applies...."

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

2

1. A letter sent sometime in late 1990 or early 1991 by Currie Weed of Automotive Service Consultants, Inc. to John L. Cobb of Southern Micrographix, Inc. relating to a proposed "Ownership Agreement and Copyright Assignment." ...;

2. The proposed Ownership Agreement and Copyright Assignment, which was drafted by Bradley Arant Rose & White;

3. Documents and files relating to the proposed Ownership Agreement and Copyright Assignment of the Southern software; and,

4. The facts and circumstances relating to Mr. Weed's request that Cobb sign the proposed Ownership Agreement and Copyright Assignment.

(Notice of Deposition, at 2.) The information Southern seeks to discover involves matters at the heart of the attorney-client relationship. Southern seeks to learn about legal documents and services that Bradley provided for its client. Such information falls directly within the ambit of the attorney-client privilege. Accordingly, Bradley's motion to quash is due to be granted and, correspondingly, Southern's motion to compel production is due to be denied.

**B. Motion to Reconsider**

On May 12, 1997, Automotive Service Consultant, Inc. and Automotive Data Processing, Inc. filed a counterclaim and third-party complaint. By order entered May 30, 1997, this court struck that document, because the deadline for filing such a pleading specified in this court's scheduling order was May 10, 1997. It was then brought to the court's attention, however, that May 10th was a Saturday. Thereafter, this court blushingly concluded the filing was timely, and reinstated that pleading by order entered

3

June 3, 1997. Southern now moves this court to reconsider that June 3 order, asserting: the pleading was not timely filed; allowing the pleading would "dramatically increase[] the number of issues in this action and would require an expansion of discovery" (Southern's Motion to Reconsider, ¶ 2.); and "the claims duly filed against Southern have no basis whatsoever either in discovery conducted to date or in the expert reports that have been exchanged." (*Id.*, ¶ 3.) This court is not persuaded by any of those arguments. Therefore, the motion is due to be denied.

## II. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 19th day of June, 1997.

                                                United States District Judge